# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:19-CV-02065-RGK-SHK | Date | May 13, 2020 |
|---|---|---|---|
| Title | *RENEE MARQUEZ AND AMANDA PURDY v. PACIFIC WASTE SERVICES, INC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause re: Misjoinder

On October 29, 2019, Renee Marquez ("Marquez") and Amanda Purdy ("Purdy") (collectively, "Plaintiffs") filed a Complaint against Pacific Waste Services, Inc. ("Defendant"). The Complaint alleges claims under 42 U.S.C. § 12101, et. seq., for disability discrimination, failure to accommodate, and retaliation. In the Complaint, Marquez and Purdy have each alleged the three claims separately.

Under Federal Rule of Civil Procedure ("Rule") 21, the Court may sua sponte drop a misjoined party or claim. Because Rule 21 provides no standards to determine if parties or claims are misjoined, courts look to Rule 20 for guidance. In other words, where the plaintiffs' claims do not arise out of the "same transaction, occurrence, or series of transactions or occurrences," or there is not at least one common question of law or fact linking all claims, courts will generally find that the parties or claims are misjoined. *See Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000); *see also Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (citing *Pan Am World Airways, Inc. v. United States Dist. Court for Central Dist. of Calif.*, 523 F.2d 1073, 1079 (9th Cir. 1975). The Court notes that even if these conditions are met, a court may still order separate trials in the interests of justice and judicial economy. *See On The Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500, 501 (N.D. Cal. 2011) (citing to Rule 20). When it comes to severance, the decision to do so is squarely within the broad discretion of the Court. The Court may sever improperly joined parties or claims at any time, as long as the severance is on just terms and the entire action is not dismissed outright. *Id.* (citing to Rule 21).

The Court hereby orders Plaintiffs to show cause in writing why this action should not be severed due to misjoinder of the plaintiffs and claims. Plaintiffs' response shall be limited to five (5) pages in length. Plaintiffs shall file their response no later than **May 20, 2020.**

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer _____